**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**OMAR PAEZ-PEREZ,** )<br>**a/k/a Omar Perez-Paez,** )<br>)<br>**Defendant.** ) | **Case No. 12-CR-0101-001-CVE**<br>**(Civil No. 16-CV-0669-CVE-FHM)** |

**OPINION AND ORDER**

Now before the Court is Petitioner's Motion pursuant to Title 28 U.S.C. §2255(f)(3) –
Petitioner's Amended Filings (Dkt. # 312). Defendant claims that he is entitled to relief under the
Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and he asks the Court
to set this matter for a resentencing hearing. The Court has reviewed defendant's § 2255 motion and
finds that it is unnecessary for plaintiff to file a response.

**I.**

On June 6, 2012, a grand jury returned an indictment charging defendant with conspiracy
to distribute and possess with intent to distribute at least 500 grams of methamphetamine in violation
of 21 U.S.C. § 846 (count one) and engaging in a continuing criminal enterprise in violation of 21
U.S.C. § 848 (count two). Dkt. # 2. Defendant made his initial appearance on July 26, 2012, and
Jill Webb was appointed to represent him. Dkt. ## 74, 75. A superseding indictment was returned
that added a charge of conspiracy to commit money laundering (count three) against defendant. Dkt.
# 105.

On November 6, 2012, defendant pled guilty to counts one and three pursuant to a plea agreement, and a sentencing hearing was set for February 5, 2013.  A presentence investigation report (PSR) was prepared before the sentencing hearing.  It was conservatively estimated that defendant conspired to possess with intent to distribute and distribute at least 15 kilograms of methamphetamine and, under United States Sentencing Guideline (USSG) § 2D1.1, defendant's base offense level for count one was 38.  Defendant received a two point enhancement for possessing a firearm  and a four point enhancement for his role in the offense.  This resulted in an adjusted offense level of 44 for count one, and defendant's adjusted offense level for count three was also 44.  Counts one and three grouped and, after deducting three levels for acceptance of responsibility, defendant's total offense level was 41.  Defendant had two criminal history points and his criminal history category was II.[1]   Defendant's sentence was not enhanced under the career offender provision of the USSG.  Defendant was sentenced to 333 months imprisonment.  Dkt. # 216.  He did not file a direct appeal and his conviction became final on February 20, 2013.[2]

On July 1, 2016, defendant filed a motion for appointment of counsel (Dkt. # 302) and he sought assistance in filing a § 2255 motion asserting a Johnson claim.  The Court advised defendant that it would construe his motion for appointment for counsel as a § 2255 motion, and it permitted defendant to withdraw his motion (Dkt. # 302) and file an amended § 2255 motion asserting all claims that he intended to raise in a § 2255 motion.  Dkt. # 304.  Defendant twice requested an

---

[1]    Defendant had a prior conviction for being an illegal alien in possession of a firearm, but he did not receive any criminal history points for this conviction.

[2]    Judgment and Commitment (Dkt. # 216) was entered on February 6, 2013 and defendant did not file a notice of appeal.  His conviction became final when his time to file a direct appeal expired fourteen days after the entry of judgment and commitment.  See United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

extension of time to file an amended § 2255 motion and, on November 3, 2016, defendant filed an

amended § 2255 motion (Dkt. # 312).  In his amended § 2255 motion, defendant asserts that he is

entitled to relief under <u>Johnson</u> and he asks the Court to set a resentencing hearing.

**II.**

Defendant has filed an amended § 2255 motion asserting a claim under <u>Johnson</u>, and he

appears to be arguing that his sentence was improperly enhanced under the career offender provision

of the USSG.  Defendant is proceeding <u>pro</u> <u>se</u> and the Court will broadly construe his amended §

2255 motion.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1974).

On July 1, 2016, the Court received a motion for appointment of counsel in which defendant

asked the Court to appoint counsel to assist him with seeking relief under <u>Johnson</u>, and the Court

advised defendant that it would construe his motion as a § 2255 motion.  After filing two motions

for extension of time, defendant filed an amended § 2255 motion claiming that his sentence was

"structured" under the career offender clause of the USSG.  Dkt. # 312, at 3.  In <u>Welch v. United</u>

<u>States</u>, 136 S. Ct. 1257 (2016), the Supreme Court held that <u>Johnson</u> is retroactively applicable to

cases on collateral review.  <u>Johnson</u> was decided by the Supreme Court on June 26, 2015, and a

motion seeking relief under <u>Johnson</u> would be timely if it were filed no later than June 27, 2016.[3]

<u>See</u> <u>Dodd v. United States</u>, 545 U.S. 353 (2005) (one year statute of limitation under § 2255(f)(3)

---

[3]     In calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline.  <u>United States v. Hurst</u>, 322 F.3d 1256, 1260 (10th Cir. 2003).  Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday.  June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a <u>Johnson</u> claim was June 27, 2016.

runs from the date that the Supreme Court initially recognized a new constitutional right, rather than

the date the new right was made retroactive to cases on collateral review).

Prior to <u>Johnson</u>, the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA) defined the

term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that, --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2).  The last section of this definition treating a prior conviction as a violent

felony if it "involves conduct that presents a serious potential risk of physical injury to another" is

known as the "residual clause."  In <u>Johnson</u>, the Supreme Court found that the residual clause was

unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.  135 S. Ct.

at 2556-57.

Section 4B1.1 of the USSG provides for a defendant to receive an enhanced sentence if he

is found to be "career offender," and a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offence; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  Section 4B1.2(a) defines "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

4

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another or,
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical        injury to another.

Defendant asserts that he is entitled to relief under Johnson, because his sentence was "structured" under the career offender provision of the USSG and his sentence was enhanced by treatment of a prior conviction for being an illegal alien in possession of a firearm as a crime of violence under the USSG.  Dkt. # 312, at 3-4.

As an initial matter, the Court will consider the timeliness of defendant's motion.  The Court received defendant's motion for appointment of counsel (Dkt. # 302) on July 1, 2016.  Defendant's claim regarding the constitutionality of his sentence based on Johnson is subject to a one-year limitations period from the date that the Supreme Court recognized the right being asserted.  Dodd, 545 U.S. at 359-60.  As the Court has already explained, a § 2255 motion asserting a Johnson claim will be found timely only if it was filed on or before June 27, 2016.  Under the prison mailbox rule, a "pro se prisoner's [filing] will be considered timely if given to prison official for mailing prior to the filing deadline, regardless of when the court itself receives the documents."  Houston v. Lack, 487 U.S. 266, 276 (1988).  "An inmate can obtain the benefit of the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid."  Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005); see also Fed. R. App. P. 4(c).

The Court received defendant's motion for appointment of counsel (Dkt. # 302) on July 1, 2016, and the motion contains a statement that defendant placed the motion in the prison legal mail system on June 24, 2016. Dkt. # 302, at 5. Defendant signed his motion to appoint counsel and the Court will treat this as an allegation that he placed the motion in the prison legal mail system on or before June 27, 2016. Defendant has not submitted proof that he actually placed the motion in the prison legal mail system on June 24, 2016, but the Court will assume that defendant's motion was placed in the prison legal mail system on June 24, 2016. Defendant's amended § 2255 motion alleges that he is entitled to relief under Johnson, and the amended § 2255 motion relates back to the timely-filed motion (Dkt. # 302). See Mayle v. Felix, 545 U.S. 644 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"). Defendant has made at least a prima facie showing that his original § 2255 motion was timely and his amended § 2255 motion relates back to the timely-filed § 2255 motion, and the Court will consider the merits of the claims asserted in defendant's § 2255 motion.[4]

The Court has broadly construed defendant's amended § 2255 motion and it is clear that he is not arguing that his sentence was enhanced under the ACCA. Instead, defendant argues that the Court used a prior conviction for being an illegal alien in possession of a firearm to enhance his sentence under the career offender provision of the USSG. Dkt. # 312, at 3. The Court can find no

---

[4]    The one year limitation period for filing a § 2255 motion is not jurisdictional, and a district court may decline to consider the issue of timeliness if it would be easier to dispose of the motion on the merits. Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006). The Court's finding that defendant's § 2255 motion appears to be timely based on his allegations should not be construed as a conclusive ruling on the issue of timeliness, because defendant has not presented evidence, such as copy of the prison mail log, to establish that he actually placed his motion in the prison legal mail system on June 24, 2016. The Court is proceeding to the merits of defendant's claims because his claims lack merit and it is unnecessary to conclusively resolve the issue of timeliness.

other claims, even under a broad standard of review, in defendant's § 2255 motion.  The Court has

reviewed defendant's PSR and finds that Johnson has no impact on defendant's sentence.  Defendant

was not convicted in this case of being a felon in possession of a firearm and he was not sentenced

under the ACCA.  Defendant's sentence was also not enhanced under the career offender provision

of the USSG.  None of defendant's prior convictions qualified as a crime of violence under § 4B1.1

and his sentence was not enhanced under the career offender provision.  Defendant's arguments are

focused on the treatment of his prior conviction for being an illegal alien in possession of a firearm.

However, he received no criminal history points for this conviction and his sentence was not

enhanced in any way because of his prior conviction for being an illegal alien in possession of a

firearm.  Johnson has no applicability to this case and defendant's amended § 2255 motion should

be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion pursuant to Title 28 U.S.C.

§2255(f)(3) – Petitioner's Amended Filings (Dkt. # 312) is **denied**.  A separate judgment is entered

herewith.

**DATED** this 9th day of December, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE